UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DESHAWNA MOORE,

    Plaintiff,

vs.

RELIABLE HOME
HEALTH CARE, LLC, *et al.*,

    Defendants.

Case No. 3:20-cv-481

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING THE MOTION TO INTERVENE AND SUBSTITUTION OF TRUSTEE AS PARTY PLAINTIFF (Doc. No. 59); (2) DIRECTING THE CLERK OF COURTS TO AMEND THE CASE CAPTION TO LIST CHRISTAL CAUDILL, TRUSTEE IN BANKRUPTCY, AS PARTY PLAINTIFF IN PLACE OF DESHAWNA MOORE'S NAME; (3) DIRECTING ATTORNEY MATTHEWS TO PROMPTLY FILE A NOTICE OF APPEARNCE; (4) GRANTING DEFENDANT RELIABLE HOME HEALTH CARE, LLC'S MOTION TO DISMISS (Doc. No. 56); (5) DISMISSING ALL CLAIMS AGAINST RELIABLE HOME HEALTH CARE, LLC; (6) DENYING DEFENDANT BLUESUMMIT MEDICAL GROUP, LLC'S MOTION TO DISMISS (Doc. No. 61); (7) ENTERING A JUDGMENT OF DEFUALT IN FAVOR OF THE TRUSTEE AND AGAINST DEFENDANT BLUESUMMIT MEDICAL GROUP, LLC; (8) REQUIRING THE TRUSTEE TO SUBMIT BRIEFING REGARDING SUM CERTAIN DAMAGES BY APRIL 22, 2024; AND (9) DENYING AS MOOT ALL REMAINING PENDING MOTIONS (Doc. Nos. 50, 51)**

---

    This is an employment discrimination case in which Plaintiff, DeShawna Moore ("Moore"), is suing Defendants Reliable Home Health Care, LLC ("Reliable Home"), her former employer, and BlueSummit Medical Group, LLC ("BlueSummit"), which acquired Reliable Home after this lawsuit began. Before the Court are several pending motions. First is a motion to intervene and for substitution of Trustee as Party Plaintiff (Doc. No. 59), to which Defendants jointly responded in opposition (Doc. No. 65), and Plaintiff replied (Doc. No. 67). Second is a motion to dismiss by Reliable Home (Doc. No. 56), to which Plaintiff responded in opposition (Doc. No. 60), and Reliable Home replied (Doc. No. 62). Last is a motion to dismiss by

BlueSummit (Doc. No. 61), to which Plaintiff responded in opposition (Doc. No. 66), and BlueSummit replied (Doc. No. 68). These motions are ripe for review.

## I. Background

Moore filed this employment discrimination lawsuit with the assistance of counsel in December 2020. *See* Doc. No. 1. Thereafter, in April 2021, she filed a Chapter 7 Bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Ohio. Doc. No. 56 at PageID 464. At the time, Moore did not disclose this lawsuit as an asset in her bankruptcy petition. *Id.* The Bankruptcy Court signed an Order of Discharge on August 24, 2021, discharging Moore's consumer debts. *Id.* at PageID 465, 524. The bankruptcy case closed on September 8, 2021. *Id.* at PageID 465.

Moore filed an amended complaint in the instant case in June 2023. *See* Doc. No. 53. Shortly thereafter, Christal Caudill, Moore's Trustee in Bankruptcy ("Trustee"), filed a motion to reopen the bankruptcy case, which was granted. *See* Doc. No. 59 at PageID 608. The motion to reopen the bankruptcy case properly disclosed the instant lawsuit as an asset. *Id.* Now, the Trustee seeks to intervene in this action and substitute herself as Plaintiff. *See generally id.*

The Court will first address the issue of intervention and substitution, as the result of that motion facilitates the analyses for the two pending motions to dismiss.

## II. Legal Standard

Fed. R. Civ. P. 21 states that "[o]n motion or its own, the court may at any time, on just terms, add or drop a party." The rule also allows courts to substitute one party for another. *See Owens v. Dolgencorp, LLC*, No. 3:12-cv-313, 2013 WL 6795415, at *2 (S.D. Ohio Dec. 19, 2013). Substitution of a party may be proper when the named plaintiff is not the real party in interest to the action. *See* Fed. R. Civ. P. 17(a).

2

### III. Analysis

**A. The Motion to Intervene and Substitute as Party Plaintiff**

When a debtor files for bankruptcy, the estate becomes the owner of all the debtor's property, "including tort claims that accrued before [he or she] filed [their] bankruptcy petition." *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (citing 11 U.S.C. § 541(a)(1) (additional citations omitted)). Accordingly, "only the Trustee may bring the…claim, and [the debtor] 'has no standing to pursue' it alone." *Id.* (quoting *Bauer v. Commerce Union Bank*, F.2d 438, 441 (6th Cir. 1988) (additional citations omitted)).

As soon as Moore filed for bankruptcy in April 2021, Trustee became the proper Plaintiff to this lawsuit. *See id.* (citing *Wieburg v. GTE Sw., Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are the property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them"). Although this lawsuit was not disclosed in the initial bankruptcy petition, it was properly disclosed when that case was reopened. *See* Doc. No. 59 at PageID 608. Because Moore no longer has standing to pursue this claim, the Trustee must be permitted to substitute in as the Party Plaintiff for this case to proceed. *See generally Auday*, 698 F.3d 902; *Quillen-Smith v. U.S. Bank Nat'l Ass'n*, No. 3:20-cv-364, 2021 WL 4480914, at *1 (S.D. Ohio Sept. 30, 2021). Accordingly, the motion to intervene and substitute as Party Plaintiff is **GRANTED**.

In the Trustee's motion, she indicates her intention to keep counsel of record, Craig T. Matthews, as special counsel on behalf of the bankruptcy estate if the motion is granted. *See* Doc. No. 59. Defendants oppose this, arguing that Matthews's representation of Moore and the Trustee presents a conflict of interest. *See* Doc. No. 65.

The Bankruptcy Court previously authorized Matthews to serve as special counsel for the Trustee in this suit pursuant to 11 U.S.C. § 327.  *See* Doc. No. 67-1 at PageID 904-05.  The Court then reasoned, "it is in the best interest of the estate that the Trustee be authorized to retain attorney Craig T. Matthews…as special counsel for the estate."  *Id.* at PageID 905.  In light of the Bankruptcy Court's ruling and 11 U.S.C. § 327, the Court allows Matthews to serve as special counsel for Trustee.  The Clerk of Courts shall note this change in the docket sheet, and attorney Matthews shall promptly file a Notice of Appearance.

### B.  Reliable Home's Motion to Dismiss

Reliable Home seeks dismissal based on the doctrine of judicial estoppel.  *See* Doc. No. 56.  It argues that Moore is barred from pursuing the instant claim because she failed to disclose this lawsuit in her initial bankruptcy proceeding.  *Id.*  It further argues that Moore's omission was not the result of mistake or inadvertence.  *Id.*

A trustee in a Chapter 7 bankruptcy proceeding must, among other things, "collect and reduce to money the property of the estate for which such trustee serves[.]"  11 U.S.C. § 704(a)(1).  Estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case."  *Id.* § 541(a)(1).  "[I]t is 'well established that the interests of the debtor in property' include 'causes of action.'"  *In re Van Dresser*, 128 F.3d 945, 947 (6th Cir. 1997) (quoting *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)).

In the bankruptcy context, judicial estoppel is an equitable doctrine that "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'"  *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (quoting *Browning v. Levy*, 283 F.3d 761, 775-76 (6th Cir. 2002)).  Judicial

4

estoppel will bar a claim so long as "a debtor's failure to disclose" is not the result of mistake or inadvertence. *Id.* (citing *Browning*, 283 F.3d at 776). "Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are: (1) 'where the debtor lacks knowledge of the factual basis of the undisclosed claims'; and (2) where 'the debtor has no motive for concealment.'" *Id.* (quoting *Browning*, 283 F.3d at 776). Courts, in considering the judicial estoppel bar, may also consider if a debtor acted in bad faith. *Id.* (citing *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 895 (6th Cir. 2004).

The Court finds that the elements for judicial estoppel are met here. When Moore initially filed for bankruptcy, she did not disclose this lawsuit as an asset of the estate, a position contrary to the truth at the time. *See* Doc. No. 56 at PageID 464. The Bankruptcy Court, not being advised to the contrary, adopted that position as part of a final disposition, *i.e.*, entering an Order of Discharge and discharging Moore's consumer debts. *Id.* at PageID 465, 524. These facts can only be overlooked if Moore's actions were the result of mistake or inadvertence. She has not proven so. First, Moore had knowledge of the factual basis of her claims in this Court: she retained an attorney and initiated this lawsuit months before filing her first bankruptcy proceeding. Second, Moore had a motive to conceal this action; she, not her estate or creditors, stood to financially benefit from any judgment this Court entered. Furthermore, her bankruptcy case was only reopened after Reliable Home filed its motion to dismiss asserting the claim of judicial estoppel. *See* Doc. Nos. 56, 59. Because judicial estoppel is applicable and appropriate here, and there being no evidence in the record demonstrating Moore's mistake, inadvertence, or indisputable lack of bad faith, Reliable Home's motion to dismiss (Doc. No. 56) is **GRANTED**.

**C. BlueSummit's Motion to Dismiss**

BlueSummit purchased Reliable Home in February 2022. *Id.* at PageID 400. The sale contract included an assignment and assumption clause, wherein BlueSummit agreed to "assume[] all of the obligations with respect thereto that may arise from and after the date of this Assignment." Doc. No. 53-8 at PageID 454. BlueSummit asserts this case should be dismissed against it because it is not liable for Plaintiff's claims against Reliable Home based on the assignment and assumption agreement of the co-defendants. *See* Doc. No. 61. BlueSummit further argues that a purchaser company "is not liable for the debts and obligations of…the seller company," and therefore is not liable to Plaintiff for any alleged violations committed by Defendant Reliable. *Id.*

The Court need not consider the merits of BlueSummit's motion to dismiss because it does not have representation of counsel and is now proceeding *pro se*. *See* Doc. Nos. 69, 70, 71. The United States Magistrate Judge granted BlueSummit's motion to withdraw as counsel and gave BlueSummit thirty (30) days to obtain new counsel, because, as the United States Magistrate Judge correctly noted, "limited liability companies may not appear in this Court *pro se*[.]" Doc. No. 70 at PageID 924 (italics added). *See also Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. K-COR, LLC*, No. 3:14-CV-368, 2015 WL 10742767, at *1 (S.D. Ohio Nov. 13, 2015). BlueSummit has not retained counsel or otherwise notified the Court of any updates regarding the issue. *See* Doc. No. 71. BlueSummit was ordered to show cause explaining why it had not followed the Court's instruction by February 14, 2024. *See id.* To date, it has not done so.

Accordingly, BlueSummit's motion to dismiss (Doc. No. 61) is **DENIED**. Because BlueSummit has failed to retain counsel and comply with Court orders, the Court now enters a judgment of default in favor of the Bankruptcy Trustee and against BlueSummit pursuant to Fed.

6

R. Civ. P. 55. All the necessary components for a default judgment are present here: (1) the Court has jurisdiction to hear the present case; (2) the amended complaint states a plausible claim for relief; and (3) Moore has arguably suffered damages. *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010); *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

To issue the default judgment fully and accurately against BlueSummit, the Court must know damages to a degree of certainty. See *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)) ("[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty"). Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain, including sums calculable "from the terms of a written document such as a contract or promissory note." *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (citing Fed. R. Civ. P. 55(b)(2)). A court may do so without a hearing if damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain).

Here, Moore's damages (and, now, the Trustee's damages on behalf of the bankruptcy estate) are not supported by affidavit or any other documentation showing an amount in a sum

7

certain.  Accordingly, the Court **DIRECTS** the Trustee to submit briefing regarding the amount of damages she is entitled to by **April 22, 2024.**

### IV. Conclusion

For the reasons stated, the motion to intervene and for substitution as Party Plaintiff (Doc. No. 59) is **GRANTED**.  The Clerk of Courts is **DIRECTED** to amend the case caption to list Christal Caudill, Trustee in Bankruptcy, as Party Plaintiff in place of DeShawna Moore.  Attorney Matthews is **DIRECTED** to promptly file a Notice of Appearance for his representation of the Trustee.  Defendant Reliable Home's motion to dismiss (Doc. No 56) is **GRANTED**, and all claims against it are **DISMISSED**.  Defendant BlueSummit's motion to dismiss (Doc. No. 61) is **DENIED**.  The Court enters a **JUDGMENT OF DEFAULT** in favor of the Trustee and against Defendant BlueSummit and **DIRECTS** the Trustee to file briefing regarding damages ascertainable to a sum certain **by April 22, 2024.**  All remaining pending motions (Doc. Nos. 50, 51) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

  March 11, 2024                             s/Michael J. Newman                  
                                             Hon. Michael J. Newman
                                             United States District Judge